**LEVY, BALDANTE, FINNEY & RUBENSTEIN, P.C.**
**By: Martin G. Rubenstein, Esquire**
**Attorney I.D. No. 35271**
**Gabriel Magee, Esquire**
**Attorney I.D. No. 311646**
**Stacy L. Hughes, Esquire**
**Attorney I.D. No. 208740**
**Danielle DerOhannesian, Esquire**
**Attorney I.D. No. 325798**
**1845 Walnut Street, Suite 1300**
**Philadelphia, Pennsylvania 19103**
**(215) 735-1616**

**CORNERSTONE LEGAL GROUP**
**By: D. Wesley Cornish, Esquire**
**Attorney I.D. No.: 310865**
**230 S Broad St Fl 17**
**Philadelphia, Pennsylvania 19102**
**(888) 313-1385**

**ATTORNEYS FOR**
**PLAINTIFF,**
**ANTHONY FELICIANO**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY FELICIANO<br>5917 Loretto Ave<br>Philadelphia, PA 19149<br><br>Plaintiff<br><br>v.<br><br>VISIONQUEST NATIONAL, LTD.<br>4400 East Broadway Boulevard<br>Suite 501<br>Tucson, AZ 85711<br><br>Defendant | PLAINTIFF'S COMPLAINT<br><br>CIVIL ACTION<br><br>NO.:<br><br>JURY TRIAL DEMANDED |

**LEVY, BALDANTE, FINNEY & RUBENSTEIN, P.C.**
**By: Martin G. Rubenstein, Esquire**
**Attorney I.D. No. 35271**
**Gabriel Magee, Esquire**
**Attorney I.D. No. 311646**
**Stacy L. Hughes, Esquire**
**Attorney I.D. No. 208740**
**Danielle DerOhannesian, Esquire**
**Attorney I.D. No. 325798**
**1845 Walnut Street, Suite 1300**
**Philadelphia, Pennsylvania 19103**
**(215) 735-1616**

**ATTORNEYS FOR**
**PLAINTIFF,**
**ANTHONY FELICIANO**

**CORNERSTONE LEGAL GROUP**
**By: D. Wesley Cornish, Esquire**
**Attorney I.D. No.: 310865**
**230 S Broad St Fl 17**
**Philadelphia, Pennsylvania 19102**
**(888) 313-1385**

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY FELICIANO<br>5917 Loretto Ave<br>Philadelphia, PA 19149<br><br>Plaintiff<br><br>v.<br><br>VISIONQUEST NATIONAL, LTD.<br>4400 East Broadway Boulevard<br>Suite 501<br>Tucson, AZ 85711<br><br>Defendant | PLAINTIFF'S COMPLAINT<br><br>CIVIL ACTION<br><br>NO.:<br><br>JURY TRIAL DEMANDED |

### PLAINTIFF'S COMPLAINT – CIVIL ACTION

Plaintiff, Anthony Feliciano, (hereinafter also referred to as "Plaintiff"), residing at 5917 Loretto Ave, Philadelphia, PA 19149, by his counsel, Martin G. Rubenstein, Esquire of Levy Baldante Finney & Rubenstein, P.C. and D. Wesley Cornish, Esquire of Cornerstone Legal Group, demands entry of judgment in his favor and against Defendant, VisionQuest National Ltd. (hereinafter also referred to as "VisionQuest"), for the following reasons:

**INTRODUCTION**

1.      VisionQuest receives "clients" as part of a referral program wherein delinquent youths are legally sent to a specific VisionQuest facility as part of a rehabilitation or treatment process. VisionQuest conducts a Prospective Client Interview which includes the reason for the referral and determines, based on other factors, whether the client/youth is a fit for the recommended program. VisionQuest serves almost exclusively legally referred clients.

2.      Defendant, VisionQuest, has a documented history of abuse against its students and/or residents.

3.      In 1987, the RAND Corporation, through a U.S. Department of Justice, Office of Juvenile Justice grant, issued a report documenting VisionQuest's "unorthodox" approaches to treatment of VisionQuest students and/or residents that risked harming the students and/or residents.

https://www.ojp.gov/pdffiles1/Digitization/109581NCJRS.pdf

4.      In 1994, the U.S. Department of Justice documented the continued and extensive abusive at VisionQuest's Franklin, PA treatment center. This report included accounts of physical, sexual, and emotional abuse, including but not limited to: staff "grabbing a youth's groin"; staff punching and hitting youths; staff using physical restraints on youths that resulted in the youths' inability to breathe; staff using abusive language towards youths; and VisionQuest providing unhygienic living conditions.

https://clearinghouse.net/doc/1642/

**JURISDICTION AND VENUE**

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

6.      Defendant, VisionQuest, is a national service provider for youths and families. VisionQuest currently operates in five (5) states, Arizona, Delaware, Pennsylvania, Maryland, and Texas. VisionQuest maintains its organizational headquarters at 600 North Swan Road, Tucson, AZ 85711.

7.    VisionQuest has and/or had numerous facilities across the Commonwealth of Pennsylvania, with offices in Chester County, Pennsylvania.

8.    VisionQuest entities in Pennsylvania are/were owned and operated by Defendant VisionQuest National LTD, and are/were within VisionQuest National LTD's control, direction, and management.

9.    VisionQuest ran residential programs located in Chester and Venango Counties, among others.  Upon information and belief, all VisionQuest locations, with the exception of "Supervised Visitation" and "VQ Living," have closed in Pennsylvania.

10.    This court has subject matter over Plaintiff's claim based on the diversity of the parties as described above and pursuant to 28 U.S.C. § 1332. Defendant VisionQuest National Ltd. is a citizen of the state of Arizona, where it is headquartered, incorporated, and operates its principal place of business. Plaintiff, Anthony Feliciano, is a citizen of the Commonwealth of Pennsylvania. The amount in controversy, without interest and costs, exceeds $75,000.

11.    This court has personal jurisdiction over Defendant VisionQuest because it has offices across the Commonwealth of Pennsylvania and offices in Chester County, Pennsylvania. Additionally, Defendant VisionQuest has continuous and systematic contact with the State of Pennsylvania such that it is essentially "at home" in the state.

12.    Venue is proper in this District under 28 U.S.C. § 1391(a)-(d) because, *inter alia*, a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of Pennsylvania.

## **PARTIES**

13.    Plaintiff, Anthony Feliciano, is currently a citizen and resident of the Commonwealth of Pennsylvania.

14.    Defendant, VisionQuest, is a national service provider for youths and families. VisionQuest currently operates in five (5) states, Arizona, Delaware, Pennsylvania, Maryland, and Texas.

15.     VisionQuest has numerous facilities across the Commonwealth of Pennsylvania, with offices in Chester County, Pennsylvania.

16.     VisionQuest receives "clients" as part of a referral program wherein delinquent youths are legally sent to a specific VisionQuest facility as part of a rehabilitation or treatment process. VisionQuest conducts a Prospective Client Interview which includes the reason for the referral and determines, based on other factors, whether the client/youth is a fit for the recommended program. VisionQuest serves almost exclusively legally referred clients.

17.     VisionQuest entities in Pennsylvania are owned and operated by Defendant VisionQuest National LTD, and are within VisionQuest National LTD's control, direction, and management.

18.     VisionQuest ran and/or runs residential programs located in Embreeville, Coatesville, and Franklin, Pennsylvania, among others.  Upon information and belief, all VisionQuest locations, with the exception of "Supervised Visitation" and "VQ Living," have closed in Pennsylvania.

19.     At the time of the abuse that he was subjected to, Plaintiff was a minor and a resident at VisionQuest in Franklin, Pennsylvania.

20.     Defendant, VisionQuest, was charged with supervising and controlling all staff and/or counselors and/or teachers at VisionQuest, including Sgt. Moss.

21.     Defendant, VisionQuest, had/has access to and knowledge of information regarding the physical and/or emotional misconduct of staff, teachers, and/or counselors including knowledge of the widespread abusive conduct of staff, teachers, and/or counselors at VisionQuest.

22.     At all relevant times, Defendant, VisionQuest, in this action was acting by and through themselves in their individual capacities, and/or additionally by and through their actual and/or ostensible/aided agents, servants, employees, which include entities and/or individuals over whom they had control or right of control.

23.     At all times material hereto Sgt. Moss was acting as a staff, counselor, teacher, employee, agent, servant, representative and/or ostensible/aided agent hired, certified, assigned, retained, supervised, managed, overseen, directed, administrated, and/or otherwise controlled by and for the Defendant,

VisionQuest, and was engaged to perform services for the Defendant, VisionQuest, and was subject to the Defendant, VisionQuest's, oversight, supervision, management, direction, control, ostensible/aided control, and/or right to control the physical conduct required to perform such services.

24.    The Defendant, VisionQuest, was the principal of Sgt. Moss, and the Defendant, VisionQuest, acted only through the natural persons who were its staff, teachers, counselors, employees, agents, servants, representatives, and/or ostensible/aided agents hired, certified, assigned, retained, supervised, managed, overseen, directed, administrated, and/or otherwise controlled by and for said Defendant.

25.    Sgt. Moss acted as the staff, counselor, teacher, employee, agent, servant, representative and/or ostensible/aided agent of the Defendant, VisionQuest, acted negligently while in the scope of his/their duties or authority, such that the negligence as a matter of law charged to the principal, here the Defendant, VisionQuest.

26.    At all times material hereto, the Defendant, VisionQuest, are deemed negligent for the wrongdoing to the same extent as the staff, counselor, teacher, employee, agent, servant, representative and/or ostensible/aided agent, Sgt. Moss.

## FACTUAL ALLEGATIONS

27.    At all times material hereto, Plaintiff, Anthony Feliciano, was a minor and was at or around 17 years old when subjected to abuse by defendant VisionQuest in 2008.

28.    At all times material hereto, Anthony Feliciano was a resident and/or student at VisionQuest in Franklin, Pennsylvania.

29.    At all times material hereto, Sgt. Moss was a sergeant and/or staff and/or teacher and/or counselor and/or ostensible agent and/or employee at/of VisionQuest.

30.    In 2008, when Anthony Feliciano was at or around 17 years old, Plaintiff was sexually abused by Sgt. Moss during Plaintiff's time as a student and/or resident at VisionQuest.

31.    Sgt. Moss forged a relationship with Plaintiff to gain Plaintiff's trust and admiration. Sgt. Moss groomed Plaintiff with the goal of sexually abusing Plaintiff.

32.    When Plaintiff was at VisionQuest, Plaintiff's personal life was tumultuous. In addition to being committed to a juvenile residential treatment facility, his older brother had been shot nine times and was on life support.

33.    Sgt. Moss was aware of Plaintiff's emotional struggles.

34.    Sgt. Moss invited Plaintiff to spend time with him under the guise of helping Plaintiff through the difficult times Plaintiff was experiencing.

35.    Sgt. Moss invited Plaintiff to workout with him. In particular, Sgt. Moss invited Plaintiff to run in the woods with him.

36.    Plaintiff went on approximately five runs with Sgt. Moss without incident.

37.    Plaintiff appreciated running as an outlet for the stress in his life and was grateful Sgt. Moss took an interest in helping Plaintiff.

38.    In early fall 2008, Sgt. Moss and Plaintiff were running together in the woods.

39.    As Sgt. Moss and Plaintiff ran down a path, Plaintiff observed a group of small cabins. One of those cabins was where Sgt. Moss resided.

40.    Sgt. Moss told Plaintiff to go inside his cabin so they could cool down.

41.    Plaintiff entered the cabin. Sgt. Moss gave Plaintiff water and chatted casually with Plaintiff.

42.    Additionally, Sgt. Moss gifted Plaintiff two small bottles of lotion from Bath and Body Works where Sgt. Moss's wife worked. Sgt. Moss told Plaintiff that he wanted Plaintiff to have "something that reminded [Plaintiff] of the outside world."

43.    Plaintiff felt comforted by this gift and felt like he was special.

44.    A few days later, Sgt. Moss invited Plaintiff on another run and sexually abused Plaintiff for the first time.

45.    Sgt. Moss told Plaintiff that his wife was at work and no one else was home.

46.    Sgt. Moss gave Plaintiff juice and instructed Plaintiff to sit in the living room.

47.    Sgt. Moss began discussing Plaintiff's home life.

48.     As Sgt. Moss talked about personal topics with Plaintiff, Sgt. Moss inched closer to Plaintiff.

49.     When Sgt. Moss was close enough to Plaintiff, Sgt. Moss placed his hand on Plaintiff's penis under Plaintiff's sweatpants and over his underwear.

50.     Sgt. Moss asked Plaintiff if he liked how it (referring to Sgt. Moss touching Plaintiff's penis) felt and told Plaintiff he did not need to worry because Sgt. Moss would not tell anyone about what Sgt. Moss was doing to Plaintiff.

51.     Sgt. Moss then pulled his penis out of his pants and instructed Plaintiff to perform oral sex on Sgt. Moss.

52.     Plaintiff reluctantly complied and performed oral sex on Sgt. Moss for less than a minute. Plaintiff stopped and informed Sgt. Moss he was uncomfortable and asked to be taken back to campus.

53.     Approximately two days later, Sgt. Moss apologized to Plaintiff and assured Plaintiff that he would not sexually abuse Plaintiff again.

54.     Plaintiff, having trusted Sgt. Moss, believed Sgt. Moss and agreed to continue working out and running with Sgt. Moss.

55.     Plaintiff was sexually abused a second time approximately two weeks later, after working out and running with Sgt. Moss without incident approximately two times.

56.     On the second incident of sexual abuse, Sgt. Moss brought Plaintiff to Sgt. Moss's cabin in the woods.

57.     Sgt. Moss sat with Plaintiff on the couch and again inched closer as they conversed.

58.     Sgt. Moss reached his hand onto Plaintiff's lap and pulled Plaintiff's penis out of his pants. Sgt. Moss then began performing oral sex on Plaintiff until Plaintiff pushed Sgt. Moss off him.

59.     Sgt. Moss then exposed his penis to Plaintiff and told Plaintiff "Let me do you and you do me." Plaintiff refused.

60.     Sgt. Moss proceeded to masturbate himself until he ejaculated into his own hand, as Plaintiff was next to him on the couch.

61.     After the second incident of sexual abuse, Plaintiff attempted to evade Sgt. Moss and his invitations to spend alone time together.

62.     A few weeks thereafter, Plaintiff was transferred to Big Lodge and did not see Sgt. Moss again. As such, the sexual abuse stopped.

63.     As a result of the abuse, Anthony Feliciano felt enormous shame, humiliation, guilt, depression, anxiety, and anger.

64.     Anthony Feliciano developed enormous depression, anxiety, and anger issues as a result of the abuse he sustained from Sgt. Moss.

65.     Plaintiff was abused by Sgt. Moss in the type and manner of abuse outlined above.

66.     It is further believed that Plaintiff was abused in additional ways and/or on additional occasions, but has emotionally suppressed partially and/or in whole these additional details and/or episodes of abuse.

67.     During her tenure as a staff, counselor, teacher, employee, agent, servant, representative and/or ostensible/aided agent hired, certified, assigned, retained, supervised, managed, overseen, directed, administrated, and/or otherwise controlled by and for one or more of the Defendant, VisionQuest, Sgt. Moss was an abuser of children, including Plaintiff, Anthony Feliciano.

68.     Sgt. Moss, committed her acts of abuse against Plaintiff, Anthony Feliciano, in and around Franklin, Pennsylvania.

69.     At all material times hereto, Defendant, VisionQuest, knew or should have known that Sgt. Moss, sexually and/or physically, and/or emotionally abused children and/or was not fit to serve as a staff, counselor, teacher, employee, agent, servant, representative and/or ostensible/aided agent.

70.     At all material times hereto, Defendant, VisionQuest, knew or should have known that Sgt. Moss had been and/or were abusing Plaintiff and/or other children at VisionQuest in Franklin, Pennsylvania, and other locations visited by and/or related to VisionQuest activities, events, and/or duties.

71.     At all material times hereto, Defendant, VisionQuest, took no action and/or failed to timely and adequately take action to warn or otherwise protect children of VisionQuest, including Plaintiff, from Sgt. Moss.

72.     At all times material hereto, as a result of the abuse of Plaintiff by Sgt. Moss, Anthony Feliciano felt enormous shame, humiliation, embarrassment, and self-loathing, and was extremely confused and conflicted about the role of love and intimacy in his life.

73.     At all times material hereto, as a result of the abuse of Anthony Feliciano by Sgt. Moss, Anthony Feliciano has suffered from extreme difficultly navigating intimate relationships, and he has experienced and continues to experience bouts of anger, difficulties when involved in relationships and attempting to be intimate in the context of these relationships, and/or drug and alcohol abuse.

74.     As a result of the abuse set forth above, Plaintiff suffered great, permanent harm, including but not limited to, the following: severe emotional distress, extreme trauma, depression, anxiety, post-traumatic stress disorder (PTSD) symptoms, suicidal ideations, suicide attempts, humiliation, embarrassment, fear, shame, emotional dissociation, and/or loss of self-esteem and self-worth, all of which has and/or will continue to require counseling, therapy, and/or other treatment.

75.     Also, as a result of the abuse set forth above and its consequential trauma and harm, Plaintiff has suffered a severe impairment and disruption of his enjoyment of life, identity, intimacy with loved ones, and/or belief structure, including, but not limited to, the impairment and disruption of his relationship with members of his family, friends, acquaintances, and/or others.

76.     Also, as a result of the abuse set forth above and its consequential trauma and harm, the Plaintiff suffered from destructive and dysfunctional behaviors, including, but not limited to, addictions (i.e. alcohol and/or drugs) and/or other mental health issues, all of which have required and/or will require counseling, therapy, and/or other treatment.

77.     Also, as a result of the abuse set forth above and its consequential trauma and harm, the Plaintiff has incurred significant past loss of wages and future loss of earning capacity to his permanent detriment.

78.     Plaintiff's youth and placement at VisionQuest, together with the power imbalance and authoritative inequity between the Plaintiff and Defendant, created a culture and social dynamic that weakened Plaintiff's ability to resist Sgt. Moss and/or to report the misconduct of Sgt. Moss and/or other staff members, especially given the  status with which and pedestal upon which Defendant, VisionQuest, assumed and held as treatment center for children and persons with disabilities, in particular the purported authority that comes when an institution provides mental health services to a vulnerable population.

79.     The abuse set forth above and its consequential trauma and harm, in turn, caused Plaintiff to suppress and/or emotionally dissociate his feelings about his traumatic experience(s), thereby exacerbating its devastating psychological, physical, and social consequences.

80.     Plaintiff was not fully aware of the causal relationship between the abuse set forth above, and its consequential trauma and harm, until recently, and continues to endure and/or discover trauma and harm relative to the abuse at the present time, and which inflictions of trauma and harm shall and will continue in the future.

81.     Other victims' declarations and/or revelations of their experiences with abuse and corresponding damages caused by such abuse prompted Plaintiff to realize he is not alone, and to acknowledge, address, and/or discover the connection between his abuse and his corresponding emotional distress, social dysfunction and/or other damages and to speak out concerning same.

82.     Now, in conformity with Pennsylvania law, Plaintiff brings the following action for damages.

83.     As alleged in greater detail herein above and/or below, all of Plaintiff's harm and damages were caused by the culpable acts and/or omissions of Defendant.

84.     As set forth more fully herein, the negligence, gross negligence, recklessness, and/or punitive behavior of the Defendant was a direct and proximate cause of harm and damages to Plaintiff.

85.     Plaintiff's injuries and/or damages were caused solely by the negligence, gross negligence, recklessness, and/or punitive behavior of the Defendant, as set forth more fully herein, and

were not caused or contributed thereto by any negligence, gross negligence, recklessness and/or punitive behavior on the part of the Plaintiff.

### *NEGLIGENCE*

### COUNT 1 – NEGLIGENCE

**Plaintiff Anthony Feliciano**
**v.**
**Defendant VisionQuest**

86.     The previous paragraphs set forth above are incorporated herein by reference.

87.     The recklessness, negligence and/or carelessness of Defendant, VisionQuest, by and through their actual or apparent staff, teachers, counselors, employees, agents, servants, representatives, and/or ostensible/aided agents hired, certified, assigned, retained, supervised, managed, overseen, directed, administrated, and/or otherwise controlled by and for said Defendant, consisted of, among other things, the following:

    a.  Failing to properly screen VisionQuest staff, teachers, counselors, employees, agents, servants, representatives, and ostensible/aided agents adequately before placing them in close contact with children;

    b.  Failure to properly investigate complaints of abuse, inappropriate behavior and/or other abusive behavior;

    c.  Minimizing, ignoring or excusing inappropriate or questionable behavior and/or misconduct by VisionQuest staff, teachers, counselors, employees, agents, servants, representatives, and ostensible/aided agents over a period of months, years and/or decades;

    d.  Failure to properly and/or adequately warn judges, probation officers, court officials, law enforcement, parents, children, community members, and/or the public at large, including, but not limited to, Plaintiff and similarly situated children, and their parents and/or family members, regarding the inappropriate behavior and/or misconduct of Sgt. Moss, and/or other abusive staff, teachers, counselors, employees, agents, servants, representatives, and/or ostensible/aided agents, despite knowledge of the dangers they presented and the harmful and complicit culture and environment created by such failures to warn;

    e.  Assigning VisionQuest staff, teachers, counselors, employees, agents, servants, representatives, and/or ostensible/aided agents known to have engaged in questionable and/or inappropriate behavior or misconduct and/or known to be pedophiles and/or

sexual predators and/or child abusers, including but not limited to, Sgt. Moss, and/or other staff members, to a position within the institution where said individual(s) had/have regular contact with children;

f.   Failure to report criminal activity, including child abuse, to appropriate law enforcement agencies and/or authorities;

g.   Negligent failure to provide a safe environment and protective culture to children within the campus, resident halls, bathrooms, classrooms, and/or other external locations operated, visited, and/or owned by Defendant, VisionQuest;

h.   Failure to establish, implement, and maintain proper and effective policies and procedures to prevent abuse of and/or other abusive behavior toward children;

i.   Negligently maintaining custody, supervision and protection of children placed in their care by virtue of their legal authority;

j.   Failure to properly train VisionQuest staff, teachers, counselors, employees, agents, servants, representatives, and/or ostensible/aided agents to identify signs of child abuse by fellow employees, associates, and/or individuals within its control, oversight, supervision, and/or ostensible/aided control;

k.   Negligent retention of and/or failure to terminate Sgt. Moss, and/or other staff members, and/or other sexually inappropriate and/or abusive individuals from or associated with VisionQuest, promoting a culture and environment of complicity, denial and deception regarding child abuse within VisionQuest;

l.   Failure to exercise due care under the relevant circumstances, as it pertains to the preceding and subsequent subsections, and to be considered as a whole;

m.   Recklessly, negligently and/or carelessly failing to observe, manage, direct, oversee, and supervise the relationship between Anthony Feliciano and Sgt. Moss;

n.   Recklessly, negligently and/or carelessly failing to have proper and effective policies and procedures to require adequate observation, management, oversight, and supervision of the relationship between VisionQuest staff, including, but not limited to, Sgt. Moss, and/or other staff members;

o.   Recklessly, negligently and/or carelessly failing to recognize Sgt. Moss's conduct and behavior prior to the events in question and/or as described herein as creating a risk of abuse toward children, including, but not limited to, Anthony Feliciano;

p.   Recklessly, negligently and/or carelessly failing to have proper policies and procedures to require adequate observation, management, oversight, and supervision of Anthony Feliciano and Sgt. Moss and/or other staff members;

q.   Failing to investigate complaints that Sgt. Moss was behaving inappropriately and/or touching children inappropriately, including, but not limited to, Anthony Feliciano;

r.   Recklessly, negligently and/or carelessly failing to identify Sgt. Moss as a sexual, physical, and/or emotional abuser;

s.  Recklessly, negligently and/or carelessly failing to investigate behavior of Sgt. Moss that put the Defendant on notice and/or should have placed Defendant on notice that Sgt. Moss was and/or might have been an abuser, potential pedophile and/or sexual predator;

t.  Recklessly, negligently and/or carelessly failing to identify Sgt. Moss was a potential pedophile and/or sexual predator and/or child abuser;

u.  Failing to detect a rampant and open culture of sexual, physical, and/or emotional abuse of children in VisionQuest's care;

v.  Failing to stop a rampant and open culture of sexual, physical, and/or emotional abuse of children in VisionQuest's care;

w.  Violating the Juvenile Justice Act, 42 Pa.C.S. §§ 6327(a), pertaining to juveniles being housed in a location "where the child is apt to be abused by other children" 42 Pa.C.S. §§ 6327(a);

x.  Failing to prevent the abuse of children by other residents;

y.  Facilitating an environment where residents were encouraged to sexually, physically, and/or emotionally abuse other residents;

z.  Threatening VisionQuest residents with physical and/or sexual harm in an attempt to prevent them from reporting abuse, and/or otherwise threatening punishment (e.g., home passes) if the abuse was reported;

aa.  Refusing to allow parents of VisionQuest residents reasonable access to their children;

bb.  Preventing VisionQuest residents from seeking appropriate medical attention for injuries caused by VisionQuest staff;

cc.  Preventing VisionQuest residents from honestly disclosing the causes of their injuries to medical personnel;

88.  Defendant, VisionQuest, was negligent under the facts as detailed within this Complaint in that this Defendant failed to use that degree of care, precaution and vigilance which a reasonably prudent person or entity would use under the same or similar circumstances, including, but not limited to, the negligent affirmative acts detailed in this Complaint which a reasonably prudent person or entity would not have done, and also the negligent omission or failure to act and/or take precautions as detailed in this Complaint which a reasonably prudent person or entity would have done or taken under these circumstances.

89.  Sgt. Moss's actions as described herein are evidence of *negligence per se*.

90.     Defendant, VisionQuest, is vicariously liable for both the negligent and intentional acts of Sgt. Moss, their employee(s), where it is widely known that there is vulnerability of children and persons with disabilities and a public policy to protect said children from victimization, and imposes responsibility upon those individuals and institutions in the best position to know of and stop the abuse to said children, such as the Defendant herein.

91.     **WHEREFORE**, Plaintiff, Anthony Feliciano, demands judgment against Defendant, VisionQuest, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.


### *NEGLIGENT SUPERVISION*

### <u>COUNT 2 – NEGLIGENT SUPERVISION</u>

**Plaintiff Anthony Feliciano**
**v.**
**Defendant VisionQuest**


92.     The previous paragraphs set forth above are incorporated herein by reference.

93.     Defendant, VisionQuest, knew or should have known of the need to properly and effectively observe, manage, direct, oversee, and/or supervise counselors, staff, teachers, counselors, employees, agents, servants, representatives, and/or ostensible/aided agents in their relationships with young children.

94.     Defendant, VisionQuest, knew or should have known of the particular risk posed by Sgt. Moss based on, among other things, their inappropriate and/or questionable conduct, his/her history of sexually and/or physically and/or emotionally abusing children.

95.     The negligence, carelessness, and/or recklessness of Defendant, VisionQuest, for the conduct of their actual or apparent staff, teachers, counselors, employees, agents, servants, representatives, and/or ostensible/aided agents, in the hiring, certifying, assigning, observation, retaining,

supervision, management, oversight, direction, administration, and/or otherwise control of Sgt. Moss

consists of one or more of the following:

a. Negligent hiring, certifying, assigning, observation, retaining, supervision, management, oversight, direction, administration, and/or otherwise control of staff and/or counselor and/or teachers in the employ of VisionQuest;

b. Failing to use due care in hiring, certifying, assigning, observation, retaining, supervision, management, oversight, direction, administration, and/or otherwise control of Sgt. Moss's relationship with Plaintiff, Anthony Feliciano; and

c. Failing to investigate and supervise Sgt. Moss and his/her relationship with Anthony Feliciano.

96.     **WHEREFORE**, Plaintiff, Anthony Feliciano, demands judgment against Defendant,

VisionQuest, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of prejudgment

interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable

relief as the Court deems appropriate.


*NEGLIGENT HIRING AND RETENTION*

**COUNT 3 – NEGLIGENT HIRING AND RETENTION**

**Plaintiff Anthony Feliciano**
**v.**
**Defendant VisionQuest**

97.     The previous paragraphs set forth above are incorporated herein by reference.

98.     Defendant, VisionQuest, knew and/or should have known prior to and/or

contemporaneous with the relevant time frame during which Anthony Feliciano was sexually abused by

Sgt. Moss that Plaintiff and other young children affiliated and/or associated with VisionQuest were

vulnerable to and potential victims of sexual and/or physical and/or emotional abuse.

99.     Defendant, VisionQuest, also knew and/or should have known prior to and/or

contemporaneous with the relevant time frame during which Anthony Feliciano was sexually abused by

Sgt. Moss that the access to vulnerable youths, together with the trust and authority placed in staff and/or

counselors and/or teachers, which makes working at a treatment and care facility for children and persons with disabilities an enticing profession for child abusers, and/or others seeking to abuse and exploit children.

100.    Defendant, VisionQuest, owed a duty to exercise reasonable care in the hiring, certifying, assignment, control, selection and/or retention of staff, teachers, counselors, employees, agents, servants, representatives, and/or ostensible/aided agents, situated in and/or located at the Defendant, VisionQuest, and specifically a duty to be on high look out for possible abusers, and others seeking to exploit children.

101.    Defendant, VisionQuest, failed to exercise reasonable care in the hiring, certifying, assignment, control, selection and/or retention of Sgt. Moss as a staff member, teacher, employee, agent, servant, representative and/or ostensible/aided agent, among other things, the following:

    a.    Failing to conduct a thorough and proper background check of Sgt. Moss;

    b.    Failing to learn of or investigate Sgt. Moss's proclivity towards sexual and/or physical and/or emotional abuse of children;

    c.    Failing to conduct a thorough and proper interview with Sgt. Moss;

    d.    Failing to use due care in the selection of Sgt. Moss as a staff and/or counselor and/or teacher rendering service(s) when standing in loco parentis and/or interacting with children;

    e.    Failing to use due care in the retention of Sgt. Moss as a staff and/or counselor and/or teacher rendering service(s) when standing in loco parentis and/or interacting with children;

    f.    Recklessly, negligently and/or carelessly failing to adequately check Sgt. Moss's background, before hiring him/them as a staff and/or counselor and/or teacher rendering service(s) when standing in loco parentis and/or interacting with children; and

    g.    Recklessly, negligently and/or carelessly failing to have policies and procedures in place to screen staff and/or counselor and/or teachers for the possibility of being physical and/or emotional abusers.

102.    **WHEREFORE**, Plaintiff, Anthony Feliciano, demands judgment against Defendant, VisionQuest, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

### *GROSS NEGLIGENCE*

### <u>COUNT 4 – GROSS NEGLIGENCE</u>

**Plaintiff Anthony Feliciano**
**v.**
**Defendant VisionQuest**

103.    The previous paragraphs set forth above are incorporated herein by reference.

104.    Defendant, VisionQuest, was grossly negligent under the facts as detailed within this Complaint in that these abusive employee(s) and Defendant acted with complete disregard of the rights, safety, and well-being of others; in a palpably unreasonable manner; in an outlandish fashion; and/or failed to exercise slight care or diligence under these circumstances.

105.    **WHEREFORE**, Plaintiff, Anthony Feliciano, demands judgment against Defendant, VisionQuest, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

### *NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS*

### <u>COUNT 5 – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS</u>
**Plaintiff Anthony Feliciano**
**v.**
**Defendant VisionQuest**

106.    The previous paragraphs set forth above are incorporated herein by reference.

107.    At all times relevant and material hereto, VisionQuest had a duty to exercise reasonable care to protect Plaintiff from harm while in its care.

108.    Under Pennsylvania statutes and regulation, VisionQuest owed Plaintiff an affirmative duty of care to ensure their safety and well-being and provide them with adequate protection and medical care while in their care.

109.    Defendant, VisionQuest, had a contractual and fiduciary duty of care to Plaintiff while in their custody and control.

110.    Defendant, VisionQuest, breached their duties by failing to provide Plaintiff a safe environment and exposing him to abusive and violent conduct from which he suffered physical and emotional injury.

111.    As a result of VisionQuest's failure, Plaintiff's emotional harm was so extreme that a reasonable person should not and cannot be expected to endure the resulting stress. The severe emotional harm that Plaintiff suffered includes, but is not limited to: horror, pain, anxiety, worry, shock, severe post-traumatic stress, humiliations, embarrassment, shame, feelings of powerlessness, anger aggression, fear and distrust of authority, severe stress, difficulty sleeping, nightmares, night sweats, depression, emotional withdrawal, and difficulty coping with daily life. Plaintiff continues to struggle, cope, and attempt to heal from his emotional distress.

112.    Defendant, VisionQuest's, negligence the proximate cause of Plaintiff's severe emotional distress and harm.

113.    **WHEREFORE**, Plaintiff, Anthony Feliciano, demands judgment against Defendant, VisionQuest, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

***BREACH OF FIDUCIARY DUTY***

<u>**COUNT 6 – BREACH OF FIDUCIARY DUTY**</u>

**Plaintiff Anthony Feliciano**
**v.**
**Defendant VisionQuest**

114.    The previous paragraphs set forth above are incorporated herein by reference.

115.    By virtue of their status as owners and/or supervisors of a juvenile residential care facility, Defendant, VisionQuest, bore a fiduciary relationship to plaintiff and other children and persons at VisionQuest.

116.    Defendant, VisionQuest, had fiduciary duties to avoid harming children and to protect them from harm at the hands of staff, teachers, clergy, employees, agents, servants, representatives, and/or ostensible agents hired, certified, assigned, retained, supervised, managed, overseen, directed, administrated, and/or otherwise controlled by and for said Defendant.

117.    Defendant breached their fiduciary duties by acting or failing to act in accordance with their fiduciary duties and/or as alleged in this Complaint.

118.    Plaintiff suffered the above-averred harms and damages as a result of Defendant, VisionQuest's breach of their fiduciary duty.

119.    **WHEREFORE**, Plaintiff, Anthony Feliciano, demands judgment against Defendant, VisionQuest, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

**LEVY BALDANTE FINNEY & RUBENSTEIN, P.C.**

By: _____
MARTIN G. RUBENSTEIN, ESQUIRE
STACY L. HUGHES, ESQUIRE
DANIELLE DEROHANNESIAN, ESQUIRE
*Counsel for Plaintiff, Anthony Feliciano*

**CORNERSTONE LEGAL GROUP**

By: ____*/s/ D. Wesley Cornish*_____
D. WESLEY CORNISH, ESQUIRE
Attorney for Plaintiff

Date:    August 28, 2023

## <u>VERIFICATION</u>

I, Martin G. Rubenstein, Esquire, am an attorney for the Plaintiff in the foregoing Complaint, and state that the facts set forth therein are true and correct to the best of my knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa.C.S. §4904, which relates to unsworn falsification to authorities. Plaintiff is unable to verify this Complaint within the time required for the filing of this Pleading; however, his Verification will be substituted for this Verification in the near future.

**LEVY BALDANTE FINNEY & RUBENSTEIN, P.C.**

By:     <u>/s/ Martin G. Rubenstein</u>
MARTIN G. RUBENSTEIN, ESQUIRE
STACY L. HUGHES, ESQUIRE
DANIELLE DEROHANNESIAN, ESQUIRE
*Attorneys for Plaintiff*

Dated: August 28, 2023